UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REGINALD L. IVY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-1976 (RC) |
| | ) | |
| COMMISSIONER OF THE | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant.[1] | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on the defendant's Motion to Dismiss [ECF No. 7]. For the reasons discussed below, the motion will be granted.[2]

### I. BACKGROUND

The plaintiff alleges that his "2011 tax return was fraudulently filed," Compl. at 1 (page numbers designated by ECF), and that the Internal Revenue Service ("IRS") allowed the filer "to retain funds which would have been sent to [him] by means of [a] tax refund," *id*. at 2.[3] He

---

[1] Defendant's counsel explains that "[t]he United States of America [is] the real party in interest," and submits the motion "in place of the Commissioner of the Internal Revenue Service[.]" Mot. to Dismiss at 1. For convenience, the Court will refer to the defendant as "the IRS."

[2] In addition, the Court will grant the plaintiff's "Motion to Submit Additional Information" [ECF No. 15].

[3] The plaintiff's prior submission to the United States Tax Court stated:

> In the month of September [2012], I discovered that I was a victim of identity theft in which [an unknown individual] used my social security number to file a false 2011 tax return . . . . [That individual] was able to receive an anticipation tax loan check from a tax preparer . . . . An Identity Theft claim was filed, and was finalized on January 14th . . . .

Mem. in Support of United States' Mot. to Dismiss, Ex. A at 1.

1

characterizes this civil action as a challenge to "a wrongful offset" that did not comply with 26 U.S.C. § 6402 and 31 C.F.R. § 285.2. Compl. at 2. In addition, he deems "[t]he offset . . . in violation of Amendment 8; excessive fine; of the US Constitution[.]" *Id*. (emphasis removed). The plaintiff demands a declaratory judgment and "relief under [26 U.S.C. § 7433,]" specifically, "the return of the funds . . . wrongfully taken, damages and/or expenses because of the offset, and punitive relief." *Id*.

The offset to which the plaintiff refers pertains to then-outstanding student loan debt ("pre-consolidated debt") owed the United States Department of Education and the Missouri Department of Higher Education. *See* Mem. in Support of United States' Mot. to Dismiss [ECF No. 7-1] ("Def.'s Mem.") at 2. IRS records show an overpayment to the plaintiff of $1,822 for tax year 2011. *Id*. By letter dated September 26, 2012, the Department of the Treasury, Financial Management Service ("FMS"), notified the plaintiff that it had "applied this overpayment toward [his] outstanding student loan debt." *Id*., Ex. B. At that time, the plaintiff's pre-consolidated debt was in default status, *see* Compl. at 2, and the FMS advised the plaintiff that it "[could not] resolve issues regarding debts with other agencies," Def.'s Mem., Ex. B.

Subsequently, in August 2013, the plaintiff's pre-consolidated "student loan debt was marked as satisfied in full by the Missouri Department of Higher Education and consolidated into a new loan." Def.'s Mem. at 2; *see* Compl. at 2 ("The previous account was a student loan which was in default (until August 2013) during the fraudulent return."). The plaintiff's income tax return for tax year 2011, which he filed in September 2013, "reported an overpayment of $634." Def.'s Mem. at 2-3. "As a result, the Department of Treasury partially reversed its . . . setoff against [the plaintiff's] original student loan so that only $ 634.00 was credited toward that pre-consolidated debt," *id*. at 3, that is, in January 2014 it "decreased the $1,822.00 applied in

September 2012 toward [the pre-consolidated] student loan by $1,188.00," *id*. n.2; *see id*., Ex. C at 2 (noting "[r]eversal of refund applied to non-IRS debt").

## II. DISCUSSION

### A. *Dismissal Under Rule 12(b)(1)*

"Federal courts are courts of limited jurisdiction[ and] possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The presumption is "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the [plaintiff]." *Id*. (citation omitted). Relevant to this case is the immunity of the United States from suit, and any waiver "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). The absence of a clear waiver of sovereign immunity deprives the courts of subject matter jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

The IRS moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the ground that sovereign immunity bars the plaintiff's claims. *See* Def.'s Mem. at 4. Here, the IRS argues, the plaintiff "fails to identify [a] waiver" of immunity. *Id*.

Congress expressly authorizes the Department of the Treasury to apply an individual's overpayment to outstanding debt incurred with another federal government agency:

> Upon receiving notice from any Federal agency that a named person owes a *past-due legally enforceable debt* . . . to such agency, the Secretary [of the Department of the Treasury] shall —
> (A) *reduce the amount of any overpayment payable to such person by the amount of such debt*;

3

> (B) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and
> (C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.

26 U.S.C. § 6402(d)(1) (emphasis added). Further, the statute provides that "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by [§ 6402(d)]." *Id*. § 6402(g). In short, § 6402 "prohibits suits against [the Department of the Treasury] merely for carrying out its statutory obligation to collect debts that agencies refer to it." *Dasisa v. Dep't of Treasury*, 951 F. Supp. 2d 45, 46 (D.D.C. 2013) (citations omitted).

The plaintiff acknowledges that the IRS "has statutory obligations to collect debts on behalf of any governmental agenc[y] and has . . . immunity." Pet'r's Reply to Respt.'s Mot. [ECF No. 11] ("Pl.'s Opp'n") at 2. In order to avoid the application of § 6402(d)(1), however, the plaintiff contends that "the offset was made after [he] satisfied his debt with [the Department of Education], which makes the offset illegal." *Id*. In his view, § 6402 "cannot be triggered in this case" because he had no past-due legally enforceable debt when the offset was made. *Id*. The plaintiff is mistaken.

The IRS applied the overpayment to the plaintiff's debt in September 2012, at a time when his pre-consolidated debt was in default status. Not until August 2013, when the plaintiff's loans were consolidated into a new loan, were the pre-consolidated loans satisfied. Thus, the IRS took action under § 6402(d) at a time when the plaintiff owed a past-due legally enforceable debt.

The plaintiff is no more successful in arguing, *see* Compl. at 2; Pl.'s Opp'n at 3, that this lawsuit may proceed under 26 U.S.C. § 7433, which in relevant part states:

> If, *in connection with any collection of Federal tax* with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

*Id.* § 7433(a) (emphasis added). As the IRS states, "[t]he processing of [the] overpayment here was not done in connection with the collection of federal taxes because the overpayment was set off against outstanding non-tax debt[.]" Def.'s Mem. at 5; *see id.*, Ex. B (referencing "Non-Tax Federal Debt"). In other words, § 7433 pertains to tax collection, and there is no allegation in the complaint that the IRS was collecting unpaid taxes from the plaintiff. *See Jaeger v. U.S. Gov't*, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007) (finding that "section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax").

Nor can the plaintiff rely on 31 C.F.R. § 285.2(d)(4), *see* Pl.'s Opp'n at 2, to support his claims against the IRS. This regulation pertains to the correction of information about a debt referred to the FMS by a creditor agency:

> If, after referring a past-due, legally enforceable debt to Fiscal Service . . . , a creditor agency determines that an error has been made with respect to the information transmitted to Fiscal Service, or if an agency receives a payment or credits a payment to the account of a debtor referred to Fiscal Service for offset, or if the debt amount is otherwise incorrect, the agency shall promptly notify Fiscal Service and make the appropriate correction of the agency's records.

31 C.F.R. § 285.2(d)(4).[4] It imposes a duty on a creditor agency, not the IRS, to correct errors in the information submitted to the FMS, or amounts credited to a debtor's account by the FMS.

---

[4] The Court presumes that the FMS and the Fiscal Service are the same entity.

As the IRS points out, plaintiff is not without a remedy. *See* Reply in Furtherance of United States' Mot. to Dismiss [ECF No. 12] at 3. There are regulations pursuant to which a debtor may raise a challenge to the creditor agency of any setoff applied, *see id.* (citing 31 C.F.R. § 285.2(d)(1)(ii)). Thus, plaintiff's remedy was to challenge the Department of Education's action, not that of the IRS.[5]

### III. CONCLUSION

Where, as here, the Court determines that it lacks subject matter jurisdiction, the plaintiff's claims must be dismissed. Accordingly, the defendant's motion to dismiss will be granted. An Order is issued separately.

DATE: July 18, 2016

/s/
RUDOLPH CONTRERAS
United States District Judge

---

[5] Lastly, to the extent that the plaintiff attempts to raise a claim under the Eighth Amendment to the United States Constitution, *see* Compl. at 3, his demand for money damages for an alleged constitutional violation must fail. *See, e.g., Roman v. Nat'l Reconnaissance Office*, 952 F. Supp. 2d 159, 163-64 (D.D.C. 2013). The United States has not waived sovereign immunity with respect to constitutional tort claims. *See Meyer*, 510 U.S. at 475.